Jerrilynn R. HIGBEE; and Joseph V. Mobley, Appellants,

v.

John W. HIGBEE, Appellee.

No. 2000–SC–0706–DG.

Supreme Court of Kentucky.

Nov. 21, 2002.

J. Russell Lloyd, Mobley & Lloyd, Louisville, Counsel for Appellants.

Herbert M. O'Reilly, Hardinsburg, Counsel for Appellee.

**OPINION OF THE COURT**

In this second appeal arising from the dissolution of the marriage of Jerrilynn R. Higbee and John W. Higbee, the only issue remaining is whether the Court of Appeals erred in reversing that portion of the opinion and order of the Meade Circuit Court which awarded maintenance retroactive to the date Jerrilynn filed exceptions to the report of the domestic relations commissioner.

While upholding the award of maintenance in the amount of $75 per week, a divided Court of Appeals panel held the trial court abused its discretion in making the award retroactive. The majority opinion directed that maintenance payments be ordered payable effective October 19, 1998, the date the trial court entered its order awarding maintenance on remand following the first appeal of this matter. This Court granted Jerrilynn's motion for discretionary review. Finding no abuse of discretion by the trial court, we reverse

19. *Logsdon v. Logsdon, supra* note 17 at 732, *citing Edson v. Edson,* 108 Mass. 590 (1867).

that portion of the Court of Appeals opinion which remands the matter to Meade Circuit Court for entry of an order making maintenance payable effective October 19, 1998.

On the first appeal of this matter, the Court of Appeals held the circuit court erred in accepting the domestic relations commissioner's finding that Jerrilynn was not entitled to introduce testimony regarding maintenance. On remand, the commissioner heard evidence on the issue of maintenance but recommended that it not be awarded. The circuit court, however, after a review of the evidence and the relevant statutory factors contained in KRS 403.200, concluded that an award of maintenance was appropriate. The circuit court ordered maintenance in the amount of $75 per week payable from January 11, 1991, the date Jerrilynn filed exceptions to the initial commissioner's report. John appealed, arguing not only that an award of maintenance was inappropriate, but also that the trial court erred in making the award retroactive to January 11, 1991.

The Court of Appeals upheld the maintenance award of $75 per week. However, a majority of the panel opined that the trial court abused its discretion in making the award retroactive because of the likelihood that John would incur debt in order to pay the arrearage, Jerrilynn's attorney fees, and the monthly maintenance award. Dissenting from this portion of the opinion, Judge Huddleston opined that Jerrilynn should not be deprived of the maintenance to which she was entitled simply "because it has taken nine years to recover what she should have been awarded in the first place." We agree.

Focusing upon the fact that in order to award maintenance the trial court must find, pursuant to KRS 403.200(1)(a), that the spouse seeking maintenance "[l]acks sufficient property, including marital property apportioned to him, to provide for his reasonable needs[,]" John argues that by making the maintenance award retroactive to the date Jerrilynn filed exceptions to the commissioner's report, the trial court did not follow the proper "sequence of steps" required by KRS 403.200 for a maintenance award.

In the first appeal of this matter, which is now law of the case, the Court of Appeals found on page 4 of its opinion that "the issue of temporary maintenance was apparently considered by the circuit court and the issue of maintenance was closely connected with the property issues decided by the court." Moreover, as noted in the first appeal, and in the initial domestic relations commissioner's report, John had been ordered to pay and had paid temporary maintenance to Jerrilynn. The commissioner's finding in that report that Jerrilynn had not requested maintenance and that permanent maintenance could not be granted was determined to be erroneous on the first appeal. Jerrilynn specifically contested this finding in her exceptions to the commissioner's report.

John acknowledges that in *Weldon v. Weldon*, Ky.App., 957 S.W.2d 283 (1997), the court upheld an award of maintenance retroactive to the date of the wife's oral motion to the domestic relations commissioner for temporary child support and maintenance. The Weldon opinion concluded at 286 that the husband "fail[ed] to cite any authority indicating that the trial court erred or abused its discretion in imposing child support and maintenance retroactive to the date the motion was made[,]" and the court found no error. We reject John's contention that Weldon should be overruled.

The circuit court having acted within its discretion in ordering maintenance payable effective January 11, 1991, we reverse so much of the decision of the Court of Ap-

peals as directs entry of an order making maintenance payable effective October 19, 1998, and reinstate the opinion and order of the Meade Circuit Court.

All concur.